Jerry Lewis McCULLEN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–82–00543–CR, 05–82–00544–CR.

Court of Appeals of Texas, Dallas.

Aug. 8, 1983.

Discretionary Review Refused Dec. 21, 1983.

C. Wayne Huff, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne Wetherholt, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and VANCE and ALLEN, JJ.

ALLEN, Justice.

Jerry Lewis McCullen appeals two convictions for the offense of aggravated robbery. The cases were tried together before a jury. Appellant entered a plea of guilty in Cause Number 05–82–00544–CR, punishment was assessed at confinement for 10 years, plus a fine of $1,000.00. In Cause Number 05–82–00543–CR, appellant pleaded not guilty and on conviction his punishment was assessed at 20 years confinement, plus a fine of $1,000.00.

Appellant contends: (1) that the trial court erred in giving an additional instruction informing the jury that the sentences would run concurrently; (2) that the trial court erred in overruling his objections to jury argument of the prosecutor; and (3) that the trial court erred in failing to grant his motion for mistrial after improper jury argument by the prosecutor. We affirm the convictions.

In Cause Number 05–82–00543–CR, complainant Jack Williams testified that on January 24, 1982, at approximately 6:00 a.m., he left his apartment to go to church. On reaching his car, Williams was approached by appellant. Appellant told Williams that appellant's father had just been killed and asked Williams to carry him to the hospital. Williams noticed that appellant had a gun. Williams told appellant that he could not help him and appellant walked away, but he returned, pointed the gun at Williams, and ordered him out of the car. Appellant told Williams that he wanted to borrow the car for a little while. Williams, afraid that he might be killed if he did not comply, let appellant have the car. Appellant then drove off. Williams immediately called the police and gave them a description of the car and its license plate, GNO 738. About a week later Williams received a call from the police department informing him that they had found his car. The car had been wrecked and stripped. Approximately $800 worth of tools, a tape deck, and the tires were gone.

In Cause Number 05–82–00544–CR, complainant, Luby Drivear testified that on the evening of January 23, 1982, he was at home with his roommate, Timothy Eatmon, and a guest, Dwight Gardner. Appellant knocked on the door and asked to speak with Timothy Eatmon. Eatmon was intoxicated and was unable to talk coherently. Despite this fact, appellant remained and talked with Drivear and Gardner for approximately 30 to 40 minutes before appellant identified himself. Drivear went to bed while appellant was still at the residence, but was awakened by a noise at his door. Appellant was removing property from the house. Drivear sought to prevent appellant from taking the property. Appellant pointed a rifle at Drivear and told Drivear "If you come any closer I will shoot you." Appellant left the apartment and took with him a coat, television set, and a rifle which belonged to occupants of Drivear's apartment. Drivear followed appellant, who left the apartment complex driving a car bearing license tag number GND 738. Drivear forced appellant into a ditch. Appellant fired two shots from the rifle toward Drivear. Drivear drove to a supermarket and reported the robbery to the police. On returning to his apartment, Drivear discovered that a second television set, a sum of money, and other articles of property had been taken in addition to the property Drivear had seen appellant take earlier. Appellant testified that he took Williams' car at gun point, but said that he only intended to borrow it. He also admitted taking Drivear's property—two television sets and a rifle and Eatmon's jacket, but denied taking any money.

In his first ground of error, appellant contends that the trial court erred by giving additional instruction to the jury. During deliberations on punishment, the jury sent the following note to the court: "Do you mean that the sentences are to run separately or concurrently in both cases[?]" The trial court answered that "[s]entences run concurrently when tried at [the] same time." Appellant objected to the answer on the grounds that the matter was not within the jury's province and that the instruction would allow the jury to consider the actual time the appellant would serve. The trial

judge, apparently relying on the provisions of section 3.03 of the Texas Penal Code (Vernon 1974), responded that the court had no discretion in the matter. Section 3.03 provides that:

When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. *Such sentences shall run concurrently.* (Emphasis added).

We are confronted initially with the issue of whether this particular section of the Penal Code is applicable. Texas Penal Code section 3.02(a) (Vernon 1974) provides for the permissive consolidation and joinder of prosecutions. However, to accomplish a proper consolidation of two or more offenses arising from the same criminal episode so that section 3.03 becomes applicable, the State must file the written notice required in section 3.02(b). *Smith v. State,* 575 S.W.2d 41 (Tex.Cr.App.1979); *Caughorn v. State,* 549 S.W.2d 196 (Tex.Cr.App.1977); *see also Gordon v. State,* 633 S.W.2d 872 (Tex.Cr.App.1982). There is no written section 3.02(b) notice by the State in the record before us. Although the evidence introduced at trial reflects that the offenses arose out of the same criminal episode and a single trial was held, in the absence of a written section 3.02(b) notice in this record we must assume that section 3.03 did not apply in appellant's trial.

Assuming that section 3.03 did not apply in appellant's trial, the judge retained discretion to cumulate the sentences assessed by the jury. Consequently, appellant argues that the judge's supplemental instruction that the sentences would run concurrently was an incorrect statement. In *Jewell v. State,* 593 S.W.2d 314 (Tex.Cr.App. 1979), the appellant objected to the trial court's supplemental instruction that the sentences would run concurrently on the ground that the matter was not properly

before the jury. Six members of the Court of Criminal Appeals apparently agreed that such a supplemental instruction was incorrect in a case where section 3.03 was inapplicable,[1] but two of the six (Douglas & W.C. Davis, JJ.) concluded that the error was harmless. (The other three members did not express any opinion on the point, since the case was reversed on other grounds.)

■ On the question of harmless error, we conclude that the holding in *Haliburton v. State,* 578 S.W.2d 726, 728 (Tex.Cr.App. 1979) controls here. In that case, two offenses eligible for joint trial under section 3.03 were tried together, although the opinion does not reveal whether the State had filed the notice required by section 3.02(b). The jury asked a question similar to the one here, and the judge gave a similar instruction. A panel of the Court of Criminal Appeals considered first whether the defendant was harmed by the instruction and held that no harm would be presumed because the information could have been used either to increase or reduce the punishment. The panel went on to hold that in cases to which section 3.03 applies, the instruction is proper because concurrent sentencing is a proper matter for the jury to consider. We have difficulty understanding why the panel wrote on the harm question unless the case was one like the present in which the two offenses could properly have been tried together under Section 3.03, but the record did not indicate whether the State had filed the notice required by section 3.02(b). However, the panel's opinion is sufficient to dispose of the case on either theory. In the light of these authorities, we conclude that no presumption of harm arises from the supplemental instruction in the present case. Since there is no affirmative showing of actual harm, we hold that no reversible error is presented.

---

1. Appellant's convictions were for delivery of various controlled substances pursuant to the provisions of the Texas Controlled Substances Act. TEX.REV.CIV.STAT.ANN. art. 4476–15 (Vernon 1976 & Supp.1982–1983). Section 3.01 of the Texas Penal Code (Vernon 1974) limits application of the principles enunciated in Chapter 3 of the code to offenses encompassed by Title 7 of the Texas Penal Code, i.e., offenses against property.

Our holding is supported by the circumstance that the trial judge evidently treated this case as one to which section 3.03 was applicable, since his sentencing was consistent with the supplemental instruction in that he made the sentences run concurrently. If he had cumulated the sentences after advising the jury that they would be concurrent, a different situation would be presented with respect to harm. That type of harm is not shown here.

Appellant's contention is, in effect, that he was harmed because if the supplemental instruction had not been given, the jury might have assessed shorter terms on the hypothesis that they might have been made to run consecutively rather than concurrently. This claim of harm is too speculative. Accordingly, we conclude that appellant was not entitled to have his punishment assessed on a premise which, in this case, turned out to be false.

Moreover, we may assume that appellant considered the joint trial as an advantage for him because he did not move for a severance and made no objection to the State's failure to file the notice required by section 3.02(b). He apparently proceeded, as did the trial court, on the theory that since the two cases were of the kind that could properly have been tried jointly under section 3.03, the sentences would be concurrent. Having proceeded on that theory, and having received the benefit of the concurrent sentences imposed by the trial court, he cannot be heard to complain here that the court erred in treating the two cases as "a single criminal action" and in instructing the jury accordingly.

■ In his second ground of error, appellant contends that the trial court erred in overruling his objection to jury argument of the prosecutor in the guilt or innocence phase of the trial. He contends that the argument by the prosecutor, which informed the jury of the different ranges of punishment for aggravated robbery and aggravated assault, invited the jury to convict appellant or aggravated robbery merely because it carried a greater punishment. A plea to the jury to consider the amount of punishment, rather than the facts, in determining the offense for which an appellant should be convicted is manifestly improper. *McClure v. State,* 544 S.W.2d 390, 393 (Tex. Cr.App.1976). In reviewing the record and in considering the argument from the viewpoint of the jury, we do not find that this argument was such that it required the jury to convict on one offense over another because of the difference in punishment. *Hart v. State,* 581 S.W.2d 675 (Tex.Cr.App. 1979). The argument complained of was made in the course of explaining why the facts showed commission of aggravated robbery and why appellant's defense that he was guilty only of the lesser included offense of aggravated assault was weak in relation to the facts in evidence. We hold that the argument was not error.

■ Appellant next contends that the trial court erred in overruling his objection to jury argument in the punishment phase of the trial. The prosecutor made the following statement:

[T]hink about the times when you have been alone when you have been there with an automobile. When you may have been the victim of someone who decided that they needed a car—

Appellant argues that this statement asked the jury, in considering the circumstances of the offense on trial, to punish him based upon imaginary crimes which might happen to the jurors. Proper areas for jury argument are: (1) summation of the evidence, (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Darden v. State,* 629 S.W.2d 46 (Tex.Cr. App.1982); *Todd v. State,* 598 S.W.2d 286 (Tex.Cr.App.1980); *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). We hold that this argument was a proper plea for law enforcement by the prosecutor. *Cf. Stone v. State,* 574 S.W.2d 85 (Tex.Cr.App. 1978) (argument that jury should think about other children that lived in the community held proper plea for law enforcement); *Nichols v. State,* 504 S.W.2d 462 (Tex.Cr.App.1974) (argument in DWI trial that jurors would get in their cars and drive

home held proper plea for enforcement rather than invitation for jury to consider their personal experiences).

In his last ground of error, appellant contends that the trial court erred in denying his motion for mistrial after jury argument by the prosecutor. During argument in the punishment phase, the following exchange occurred:

Mr. Phillips: You know, or at least it's a reasonable deduction from the evidence, based on the evidence that you have gotten in this phase of the trial that the man uses controlled substances. That he's a drug user.

Mr. Huff: Your Honor, I will object to that. There's no evidence of that whatsoever.

Mr. Phillips: It's a reasonable deduction from the evidence.

The Court: Counsel, I doubt if you—I don't know whether you can deduct that from the evidence. Anyway I sustain the objection.

Mr. Huff: May I have the jury instructed to disregard that comment, Your Honor.

The Court: Disregard the last comment.

Mr. Huff: Move for a mistrial, Your Honor.

The Court: Overrule your motion.

The State argues that the comment was a reasonable deduction from the evidence showing that appellant had a final misdemeanor conviction for obtaining a drug by fraud. On the other hand, appellant argues that this evidence does not support the assertion that he was a present drug user or that he ever *used* drugs at all. We agree with appellant that the comment was improper. However, no reversal is required because the trial court's instruction to the jury to disregard the comment by the prosecutor was sufficient to cure the error. *Parr v. State,* 606 S.W.2d 928 (Tex.Cr.App.1980); *Redd v. State,* 578 S.W.2d 129 (Tex.Cr.App. 1979).

The convictions are affirmed.