IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-133-CR





SAMMY MORALES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT



NO. 00-313, HONORABLE CHARLES RAMSAY, JUDGE 



 




 After finding the appellant guilty of aggravated sexual assault, Tex. Penal Code
Ann. § 22.021 (1989), the jury assessed punishment at forty-five years' confinement and a fine
of ten thousand dollars.

 Appellant urges eight points of error. Omitting the seventh point of error, appellant
asserts the court erred by:  (1) failing to grant appellant's motion for consolidation of cases;
(2) failing to grant appellant's motion for mistrial because of the prosecutor's improper jury
arguments; (3) failing to grant appellant's motion for mistrial as the result of the prosecutor's
argument injecting unsworn testimony before the jury; (4) overruling appellant's objection to the
prosecutor's argument requesting the jury to speculate as to the facts; (5) failing to grant
appellant's objection to the prosecutor's argument injecting harmful, unsworn testimony before
the jury; (6) overruling appellant's objection to the prosecutor's opening statement injecting
pending unadjudicated offenses; (8) commenting on the weight of the evidence. In his seventh
point of error, appellant asserts the evidence is insufficient to support the conviction. We overrule
appellant's points of error and affirm the judgment of the trial court.

 Appellant's seventh point of error, lack of sufficient evidence to support the
conviction, is addressed at the outset in order that a review of the evidence may lend clarity to our
analysis of other points of error. The indictment alleges in pertinent part that appellant penetrated
the victim's sexual organ with his sexual organ and "by acts and words [did] threaten and place
[victim] in fear that death and serious bodily injury and kidnapping would be imminently inflicted
on [victim]. . . ." See § 22.021(2)(A)(ii). Appellant asserts that the evidence is insufficient to
show that the victim was placed in fear of serious bodily injury, death or kidnapping.

 The victim, an eighteen year old freshman at Southwest Texas State University,
parked her car on the parking lot of her dormitory about 10:30 p.m. on October 1, 1989. The
victim had never lived away from home before enrolling in college and on the occasion in
question was returning from a weekend visit with her parents who live near Houston. The
testimony of the victim reflects that while she was removing her personal belongings from the car,
one of the two males she had observed in the parking lot "came up behind me and put his arms
around my waist and put his left arm around my neck and forced it to the side and he was
covering my mouth and part of my glasses." The victim related that "my neck was forced over
so far that it hurt." The attacker, identified as appellant, told the victim, "You'd better cooperate
or you are going to get hurt."

 The victim stated that she was "terrified . . . in a lot of pain . . . I couldn't turn my
head" and was "forced" to get into a red pickup truck where appellant "threw my head in between
my knees." Appellant's male companion drove the pickup while appellant "put his hand behind
my neck and forced me down between my knees." When the victim hollered for help upon the
vehicle stopping at a red light, appellant told her, "Come on and co-operate or I'll have to hurt
you." The victim tried to resist appellant's efforts to remove her clothes, but appellant had "very
strong arms." After the victim succeeded in honking the horn, appellant "yelled at me and said
I had better co-operate or I was going to get hurt." The victim stated, "I thought I was going to
die. . . . I was terrified for my life."

 After the vehicle was brought to a stop, appellant inserted his penis inside the
victim's vagina. Following intercourse, appellant "pushed my head down and made me put his
penis in my mouth . . . I kept gagging . . . He made me get on my hands and knees and he kept
trying to stick his penis in my anus . . . He stopped trying to put his penis in me anally and
flipped me over like a pancake." The victim related that the appellant again placed his penis
inside her vagina. Following this second act of intercourse, the victim was "bent over forcibly
with her head pushed down" while she was being driven to a location "about 60 or 70 feet" from
her car where she was released. The victim ran to the front desk of the dormitory, "reciting the
license plate [of the pickup] in my head" and told the hall director, "Call the police. I was just
raped."

 John Morgan, Jr., the driver of the pickup, testified on behalf of the State. Morgan
related that he and appellant had consumed almost two cases of beer prior to stopping near the
college dormitory. Appellant "grabbed" the victim, "dragged" her, and "forced" her into the
pickup. Appellant told Morgan to drive to the Martindale River. During the drive Morgan stated
that he heard appellant tell the victim that he would hurt her. Upon stopping, appellant told
Morgan to get out. Morgan walked about "30 to 40 yards" from the pickup where he stayed about
twenty minutes. Upon returning to the pickup, appellant asked Morgan, "what did I think we
ought to do with the girl?" Morgan advised appellant to "take her back."

 In reviewing the sufficiency of the evidence in aggravated rape cases, an appellate
court must look to the acts, words and deeds of the attacker in determining whether the evidence
is sufficient to place a reasonable person in the complainant's circumstances in fear of death or
serious bodily injury to be imminently inflicted upon her. Dodson v. State, 699 S.W.2d 251, 254
(Tex. App. 1985, no pet.). In determining whether sexual assault was aggravated, it is not
necessary to show that serious bodily injury or death was threatened or inflicted, but rather
whether the attacker's conduct was reasonably calculated to place the complainant in fear of such
result. Kemp v. State, 744 S.W.2d 243, 245 (Tex. App. 1987, pet ref'd). The focus is on
whether the attacker placed the victim in fear of such result. Bank v. State, 662 S.W.2d 627, 629
(Tex. App. 1983, pet. ref'd).

 The victim, a college freshman who had never lived away from home before
entering college, was forcibly grabbed from behind and dragged to a pickup. Appellant threw her
head between her knees and told her on three occasions he was going to hurt her if she didn't co-operate. During one of appellant's sexual assaults, the victim "kept gagging." The victim
testified she was "terrified for my life" and "I thought I was going to die." We conclude that a
rational trier of fact could find beyond a reasonable doubt that the acts, words and deeds of
appellant would place a reasonable person in the victim's circumstances in fear of serious bodily
injury or death. See Alfred v. State, 720 S.W.2d 218, 221 (Tex. App. 1986, pet. ref'd); Carter
v. State, 713 S.W.2d 442, 445 (Tex. App. 1986, pet. ref'd). We overrule appellant's seventh
point of error.

 In his first point of error, appellant asserts the court abused its discretion in failing
to grant his motion to consolidate cases pending against him. Appellant points to five indictments
returned against him, three for aggravated sexual assault, one for aggravated kidnapping and one
for escape. Except for the indictment charging the offense of escape, appellant asserts that all
offenses are part of one criminal episode involving the victim.

 It is undisputed that the indictment charging kidnapping and sexual assaults arose
out of one criminal episode and evidence of all the offenses was admissible in the instant cause
as part of the res gestae of the offense.

 Tex. Penal Code Ann. § 3.02 (1974) provides in pertinent part:


 (a) A defendant may be prosecuted in a single criminal action for all
offenses arising out of the same criminal episode.


 (b) When a single criminal action is based on more than one charging
instrument within the jurisdiction of the trial court, the state shall file written
notice of the action not less than 30 days prior to the trial. (Emphasis added).



 Consolidation of offenses and joinder of offenses arising out of the same criminal
episode is permissive. Stevens v. State, 667 S.W.2d 534, 537 (Tex. Crim. App. 1984). To
accomplish consolidation of two or more offenses arising from the same criminal episode, the
State must file written notice as required by subsection (b) of section 3.02. McCullen v. State,
659 S.W.2d 455, 458 (Tex. App. 1983, no pet.). (1) The State did not elect to file such a motion
in the instant cause. We find no error in the court's action in overruling appellant's motion to
consolidate. Nor do we perceive any merit in appellant's suggestion that he is being placed in
double jeopardy. The record does not reflect that any other causes arising out of the criminal
episode have been adjudicated. The possibility that appellant may be tried for another offense
arising out of the same episode is not enough to twice place appellant in jeopardy. Ex parte
Herron, 790 S.W.2d 623, 624 (Tex. Crim. App. 1990). Appellant's first point of error is
overruled.

 In his second point of error, appellant asserts the trial court erred in overruling
appellant's objections and request for mistrial because of the prosecutor's "prejudicial, manifestly
improper and harmful jury arguments." Complaints are directed to eight arguments of the
prosecutor. Objections advanced in the trial court included injecting the prosecutor's beliefs,
arguing extraneous offenses, no evidence to support the argument, argument directed to results
of probation and argument outside the record. On appeal, the thrust of appellant's argument is
that appellant was harmed by the prosecutor's attack on defense counsel.

 The general rule is that any objection at trial which differs from the complaint on
appeal preserves nothing for review. Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App.
1990). Moreover, by combining more than one legal theory in a single point of error, appellant
comes within the prohibition of advancing a multifarious point of error. See Cuevas v. State, 742
S.W.2d 331, 335 n. 4 (Tex. Crim. App. 1987).

 While courts on occasion will address a multifarious point of error in the interest
of justice, Sterling, 800 S.W.2d at 521, our review of the complained of arguments reflect that
the errors, if any, do not merit review under such standard. Appellant's second point of error is
overruled.

 In his third point of error, appellant asserts that the court erred in overruling his
objection to the prosecutor's argument as being prejudicial by injecting beliefs of the prosecutor
and thereby injecting unsworn testimony before the jury. The only argument appellant directs our
attention to where objection was made to the prosecutor "injecting [his] beliefs" occurred during
final argument at the guilt-innocence stage of the trial. The prosecutor argued:


 We went through I don't know how much cross-examination over the lighting,
could she identify him this, did we make just Sammy Morales twice say something
in a lineup but not the rest of them? Just think of all the stuff we listened to
designed to show that this is not really the right guy. It turns out that, after all this
evidence came through, that, sure enough, it was. He didn't have any choice but
to get up there and admit the sexual intercourse then at that point in this trial.



 The victim was extensively cross-examined by defense counsel about her ability to
identify appellant as her attacker. Later in the trial appellant testified that it was his belief that
the victim consented to having sex with him. Proper jury argument must generally come within
one of the following four areas: (1) summation of the evidence; (2) reasonable deductions from
the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. Bell
v. State, 724 S.W.2d 780, 802-803 (Tex. Crim. App. 1986); Franklin v. State, 693 S.W.2d 420,
429 (Tex. Crim. App. 1985).

 After attempting to discredit the ability of the victim to identify him as her attacker,
appellant testified to having had sexual intercourse with the victim. We find the prosecutor's
argument to be a reasonable deduction from the evidence. Appellant's third point of error is
overruled.

 In his fourth point of error, appellant contends that the court erred in overruling
his objection to the prosecutor's argument requesting the jury to speculate on the facts of the case,
"thereby injecting unsworn testimony before the jury." We consider this contention along with
appellant's fifth point of error directed to the prosecutor's arguments injecting "unsworn testimony
before the jury by arguing outside the record."

 Appellant directs our attention to the following instances where his objections to
the prosecutor's arguments conform to these points of error. The prosecutor argued:


 Temporary insanity caused by intoxication means the defendant's mental
capacity was so disturbed from the introduction of a substance into his body that
the defendant either did not know that his conduct was wrong or was incapable of
conforming his conduct to the requirements of the law he allegedly violated. 
There's absolutely no evidence that he was so mentally impaired through
intoxication.


 . . . .


 . . . What happened whenever his lawyer asked him: "Sammy, have you ever
been convicted of anything other than traffic tickets?" "No. No. No. Not me."


 Of course, then --


 . . . .


 When you decide what's the appropriate punishment, keep this in mind; You
heard the evidence. [The victim], 18-year-old college girl, just graduated from
high school a few months before, lived with her parents all her life, first time, first
time out of her house, living out of her house --


 . . . .


 What about these fears of her parents? Tough for them, because Sammy had
himself a chance to show he's a real ladies man. And if it meant that [the victim],
for the rest of her life in her sleep is running from Sammy Morales, tough for her. 
Just tough.



 The prosecutor's argument regarding appellant's lack of mental impairment appears
to be directed to that portion of the court's charge relating to temporary insanity caused by
intoxication as a factor in mitigation of punishment. The prosecutor is entitled to express his view
as to the weight to be given the evidence and make reasonable deductions from the evidence. We
perceive no error in the court's action in overruling appellant's objection to the argument.

 The argument relative to appellant's prior convictions relates to appellant having
first testified that he had never been convicted of anything. In response to further questioning,
appellant stated that he had received traffic tickets and had been convicted for reckless conduct. 
At this point, appellant testified he did not remember any other convictions. The State then
offered proof of a misdemeanor assault conviction which appellant admitted. We are unable to
find where the prosecutor's argument ventured outside the record.

 The court sustained appellant's objection to the prosecutor's argument about the
victim being outside her parent's house for the first time and instructed the jury to "disregard the
last statement." Appellant's motion for mistrial was overruled. While we do not believe that the
jury would reasonably infer that the victim was outside her parent's home for the first time in a
literal sense, we find the court's instruction to disregard rendered any error harmless. See Jones
v. State, 568 S.W.2d 847, 860 (Tex. Crim. App. 1978).

 With respect to the prosecutor's argument that the victim will be running from
appellant the rest of her life, we conclude this is a reasonable deduction from the evidence. The
victim testified about fear of death and being "terrified for my life" as a result of the assaults upon
her. Appellant's fourth and fifth points of error are overruled.

 In his sixth point of error, appellant asserts that the court erred in overruling his
objection to that portion of the prosecutor's opening statement to the jury containing pending
unadjudicated offenses. Appellant's complaint is directed to the mention of sexual assaults other
than the primary offense occurring within the criminal episode.

 In an opening statement to the jury the State's attorney "shall state to the jury the
nature of the accusation and the facts which are expected to be proved by the State in support
thereof." Tex. Code Cr. P. Ann. art. 36.01(a)(3) (Pamph. 1992). In the instant cause, other
sexual offenses occurring in the criminal episode were closely interwoven with the primary
offense. Proof of all the facts relating to the transaction or other offenses is admissible as part
of the res gestae or context of the offense charged. Brown v. State, 696 S.W.2d 913, 914 (Tex.
Crim. App. 1985). The mention of extraneous offenses is permissible in the opening statement
where the offenses are admissible during trial. Banks v. State, 643 S.W.2d 129, 133. Appellant's
sixth point of error is overruled.

 In his eighth point of error, appellant asserts the court erred by commenting on the
weight of the evidence. The basis of appellant's objection is that the court continually agreed with
the State and overruled appellant's objections.

 Appellant cites twelve instances where the court agreed with the State in ruling on
objections and requests for instructions. In each of these instances, the court in ruling limited its
statement to sustaining and overruling the objections or denying requests for instructions.

 Texas Code Cr. P. Ann. art. 38.05 (1979) provides:


 In ruling upon the admissibility of evidence, the judge shall not discuss or
comment upon the weight of the same or its bearing in the case, but shall simply
decide whether or not it is admissible; nor shall he, at any stage of the proceeding
previous to the return of the verdict, make any remark calculated to convey to the
jury his opinion of the case.



 Where the court's action is limited to ruling on counsel's objections, we find no
violation of art. 38.05. See Varela v. State, 561 S.W.2d 186, 192 (Tex. Crim. App. 1978). 
Further, appellant failed to raise this objection in the trial court. Nothing is preserved for review. 
Id. at 192. Appellant's eighth point of error is overruled.

 The judgment is affirmed.


 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Aboussie, and Davis*]

Affirmed

Filed: February 19, 1992

[Do Not Publish]













* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).
1.   A defendant is afforded "the right" to a severance of offenses "whenever two or more
offenses have been joined for trial under section 3.02 of this Code." Tex. Penal Code Ann.
§ 3.04 (1974).