TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00646-CR







Ex Parte: Jack Warren Davis, Appellant







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR89-251-A, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 Appellant Jack Warren Davis appeals from the trial court's order denying relief in a
pretrial habeas corpus proceeding in which appellant urged his retrial was jeopardy barred. A
jury previously convicted Davis of capital murder. Act of April 16, 1985, 69th Leg., R.S., ch.
44, § 1, 1985 Tex. Gen. Laws 434 (Tex. Penal Code Ann. § 19.03(a)(2), (b), since amended). 
When the jury was unable to answer the special issue on deliberateness, the court assessed
punishment at incarceration for life. Id. § 2 at 434 (Tex. Code Crim. Proc. art. 37.071, since
amended). On appeal, this Court reversed the judgment and remanded the cause to the trial court
for a new trial. Davis v. State, 831 S.W.2d 426 (Tex. App.--Austin 1992, pet. ref'd).

 After remand, appellant filed a pretrial writ of habeas corpus moving the trial court to
dismiss the prosecution. Appellant alleged that his retrial was barred by double jeopardy and due
process provisions of the United States Constitution. U.S. Const. amend. V, XIV. Appellant also
alleged that his retrial was barred by the double jeopardy and due course of law provisions of the
Texas Constitution. Tex. Const. art. I, §§ 13, 14, 19. The trial court issued the writ and
convened an evidentiary hearing. After the hearing, the trial court made findings of fact and
conclusions of law and entered an order denying the writ and the relief requested. This appeal
followed. Tex. R. App. P. 44. We will affirm the trial court's order.

 The facts adduced at appellant's trial were summarized in this Court's opinion on appeal. 
Davis, 831 S.W.2d at 429-33. The facts elicited in the habeas corpus hearing are summarized in
the trial court's findings of fact. In the Appendix of this opinion is a copy of those findings of
fact, the court's conclusions of law, and the order denying the writ. 

 In his first point of error, appellant asserts that his retrial is barred by the Fifth
Amendment Double Jeopardy Clause. On original appeal, this Court held that the evidence was
legally sufficient to support the jury's verdict. The judgment was reversed because the
prosecutor's misconduct in threatening witnesses and in knowingly using perjured testimony
deprived appellant of a fair trial and denied him due process. In addition, we held that the
admission of evidence derived from an unlawfully obtained blood specimen was reversible error. 
To provide "guidance for the trial court in the event of retrial," we found that "the present record
evidence of misconduct [was not] sufficient to compel the conclusion that the police or their agents
acted in bad faith regarding the failure to preserve evidence."

 On original appeal, we also held that the trial court erred in refusing appellant's motion
for mistrial on grounds of prosecutorial misconduct. Without due regard for the remainder of the
opinion, appellant makes this holding the foundation for his entire appellate argument. In support
of his double jeopardy claims, appellant relies heavily on many cases concerned with jeopardy
problems arising from mistrials that were granted prior to verdict. Since a mistrial was not
granted in this case and the trial proceeded to a verdict, the authorities concerning mistrials
granted before a verdict do not control our disposition of this appeal. The failure to grant the
mistrial was trial error and we held that the proper remedy was retrial.

 When a trial proceeds to conclusion despite a legitimate claim of serious prejudicial error
and the conviction is reversed on appeal, retrial is not jeopardy barred. Ball v. United States, 163
U.S. 662 (1896); United States v. Dinitz, 424 U.S. 600 (1976). Insufficiency of evidence is an
exception to this rule. Burks v. United States, 437 U.S. 1 (1978). As the United States Supreme
Court observed in Oregon v. Kennedy:



 The Double Jeopardy Clause of the Fifth Amendment protects a criminal
defendant from repeated prosecutions for the same offense. United States v.
Dinitz, 424 U.S. 600, 606, 47 L.Ed.2d 267, 96 S. Ct. 1075 (1976). As a part of
this protection against multiple prosecutions, the Double Jeopardy Clause affords
a criminal defendant a "valued right to have his trial completed by a particular
tribunal." Wade v. Hunter, 336 U.S. 684, 689, 93 L.Ed. 974, 69 S. Ct. 834
(1949). The Double Jeopardy Clause, however, does not offer a guaranty to the
defendant that the State will vindicate its societal interest in the enforcement of the
criminal laws in one proceeding. United States v. Jorn, 400 U.S. 470, 483-484,
27 L.Ed.2d 543, 91 S. Ct. 547 (1971) (plurality opinion); Wade v. Hunter, 336
U.S. at 689, 93 L.Ed. 974, 69 S. Ct. 834. If the law were otherwise, "the purpose
of law to protect society from those guilty of crimes frequently would be frustrated
by denying courts power to put the defendant to trial again." Ibid.



Oregon v. Kennedy, 456 U.S. 667, 671-72 (1982). In Justices of Boston Municipal Court v.
Lydon, the court stated:



The Double Jeopardy Clause is not an absolute bar to successive trials. The
general rule is that the Clause does not bar reprosecution of a defendant whose
conviction is overturned on appeal. United States v. Ball, supra. The justification
for this rule was explained in United States v. Tateo, 377 U.S. 463, 466, 12
L.Ed.2d 448, 84 S. Ct. 1587 (1964), as follows:


While different theories have been advanced to support the permissibility
of retrial, of greater importance than the conceptual abstractions employed
to explain the Ball principle are the implications of that principle for the
sound administration of justice. Corresponding to the right of an accused
to be given a fair trial is the societal interest in punishing one whose guilt
is clear after he has obtained such a trial. It would be a high price indeed
for society to pay were every accused granted immunity from punishment
because of any defect sufficient to constitute reversible error in the
proceedings leading to conviction.


In Price v. Georgia, 398 U.S. 323, 329, 26 L.Ed.2d 300, 90 S. Ct. 1757 (1970),
we recognized that implicit in the Ball rule permitting retrial after reversal of a
conviction is the concept of "continuing jeopardy." See also Breed v. Jones, 421
U.S. 519, 534, 44 L.Ed.2d 346, 95 S. Ct. 1779 (1975). That principle "has
application where criminal proceedings against an accused have not run their full
course." 398 U.S., at 326, 26 L.Ed.2d 300, 90 S. Ct. 1757. Interests supporting
the continuing jeopardy principle involve fairness to society, lack of finality, and
limited waiver.



Justices of Boston Municipal Court v. Lydon, 466 U.S 294, 308 (1984). Finally in Montana v.
Hall, the court observed:



It is a "venerable principl[e] of double jeopardy jurisprudence" that "[t]he
successful appeal of a judgment of conviction, on any ground other than the
insufficiency of the evidence to support the verdict, Burks v. United States, [437
U.S. 1 [57 L Ed 2d 1, 98 S Ct 2141] (1978)], poses no bar to further prosecution
on the same charge." United States v. Scott, 437 US 82, 90-91, 57 L Ed 2d 65,
98 S Ct 2187 (1978). See generally 3 W. LaFave & J. Israel, Criminal Procedure
§ 24.4 (1984). Justice Harlan explained the basis for this rule:


Corresponding to the right of an accused to be given a fair trial is the
societal interest in punishing one whose guilt is clear after he has obtained
such a trial. It would be a high price indeed for society to pay were every
accused granted immunity from punishment because of any defect
sufficient to constitute reversible error in the proceedings leading to
conviction. From the standpoint of a defendant, it is at least doubtful that
appellate courts would be as zealous as they now are in protecting against
the effects of improprieties at the trial or pretrial stage if they knew that
reversal of a conviction would put the accused irrevocably beyond the
reach of further prosecution. In reality, therefore, the practice of retrial
serves defendants' rights as well as society's interest. United States v.
Tateo, 377 US 463, 466, 12 L Ed 2d 448, 84 S Ct. 1587 (1964).



Montana v. Hall, 481 U.S. 400, 402-03 (1987); see also United States v. DiFrancesco, 449 U.S.
117 (1980); Lockhart v. Nelson, 488 U.S. 33 (1988).

 We find no Supreme Court authority for holding that appellant's retrial is barred by the
Double Jeopardy Clause of the Fifth Amendment. The authorities we have cited allow appellant's
retrial. Appellant's first point of error is overruled.

 In his second point of error, appellant urges that even if the Fifth Amendment does not bar
his retrial, the double jeopardy provision of the Texas Constitution does. The Fifth Amendment
Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice
put in jeopardy of life or limb." The Texas Constitution provides that: "No person, for the same
offense, shall be twice put in jeopardy of life or liberty." Tex. Const. art. I, § 14.

 Appellant points out that the Court of Criminal Appeals and the Texas Supreme Court have
held that in some instances the Texas Constitution gives greater protection to Texas citizens than
does the United States Constitution. Sax v. Votteler, 648 S.W.2d 661 (Tex. 1983); Davenport v.
Garcia, 834 S.W.2d 4 (Tex. 1992); Heitman v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991). 
However, appellant has not cited any authorities holding that the Texas double jeopardy provision
gives greater rights or protection than does the Fifth Amendment. Appellant argues that we
should follow the courts of four states that have recently held that their state constitution double
jeopardy provisions give greater rights than does the Fifth Amendment Double Jeopardy Clause. 
We decline to do so, since the Court of Criminal Appeals has held that the state and federal double
jeopardy provisions are "conceptually identical." Stephens v. State, 806 S.W.2d 812, 814-15
(Tex. Crim. App. 1990); Phillips v. State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App. 1990). 
Several courts of appeals have applied the Court of Criminal Appeals view that state and federal
double jeopardy provisions are conceptually identical and that the Texas double jeopardy
guarantee gives no greater rights than does the federal guarantee. Parrish v. State, No. B14-90-00989-CR, slip op. (Tex. App.--Houston [14th Dist.] Dec. 8, 1994, no pet. h.); Ex parte
Tomlinson, 886 S.W.2d 544, 546 (Tex. App.--Austin 1994, no pet.); Wright v. State 866 S.W.2d
747, 750-51 (Tex. App.--Eastland 1993, pet. ref'd); Lozano v. State, 860 S.W.2d 152, 154, n.3
(Tex. App.--Austin 1993, pet. ref'd); Smith v. State, 842 S.W.2d 401, 405 (Tex. App.--Fort Worth
1992, pet. ref'd); Wiggins v. State, 816 S.W.2d 472, 473 (Tex. App.--Houston [14th Dist.] 1991,
pet. ref'd); Heyduck v. State, 814 S.W.2d 156, 157 (Tex. App.--Houston [1st Dist.] 1991, no
pet.); see also Alfred v. State, 720 S.W.2d 218 (Tex. App.--Houston [14th Dist.] 1986, pet. ref'd).

 Because the Court of Criminal Appeals has said that the double jeopardy provisions of the
state and federal constitutions are conceptually identical, the decision of the Court of Criminal
Appeals in Durrough v. State, 620 S.W.2d 134 (Tex. Crim. App. 1981), applying the Fifth
Amendment Double Jeopardy Clause applies equally to the Texas Constitution's double jeopardy
provision.



 The appellant also contends that his last trial was barred by the doctrine of
double jeopardy because of willful prosecutorial misconduct that occurred during
the second trial of this case. The appellant claims that at the second trial the
prosecution failed to disclose favorable evidence regarding deals with accomplice
witnesses made in exchange for their testimony. He concludes that this willful
misconduct barred any future prosecution for this offense. We find no support for
the appellant's contention. The Double Jeopardy Clause does protect a defendant
against governmental actions intended to provoke mistrials so as to afford the
prosecution a more favorable opportunity to convict the defendant. United States
v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 46 L.Ed.2d 267 (1976). But when the
trial proceeds to its conclusion despite a legitimate claim of seriously prejudicial
error, the Double Jeopardy Clause will present no obstacle to a retrial if the
conviction is reversed on appeal. United States v. Dinitz, 434 U.S. 600, 96 S.Ct.
1075, 47 L.Ed.2d 267 (1976); Ball v. United States, 163 U.S. 662, 16 S.Ct. 1192,
41 L.Ed. 300 (1896). In the present case the alleged misconduct did not result in
a mistrial. The appellant was found guilty of capital murder and sentenced to
death. That judgment was reversed on appeal and the case was remanded for a
new trial. We reject the appellant's contention that the alleged misconduct was a
bar to further prosecution for this offense.



Durrough, 620 S.W.2d at 138-39.

 More recently in Ex parte Fortune, 797 S.W.2d 929 (Tex. Crim. App. 1990), the Court
of Criminal Appeals expounded:



 As in the case of the Fifth Amendment Double Jeopardy Clause of the federal
constitution, Article I, Section 14 of the Texas Constitution protects a defendant
in a criminal proceeding against multiple punishments or repeated prosecutions for
the same offense.


. . .


[U]pon reversal of a conviction on grounds other than sufficiency of evidence, the
State is free to retry the defendant on the charge and obtain a valid conviction
against him in the interest of justice. 


. . .


We therefore hold that the Double Jeopardy Clause presents no bar for the
government's retrial of appellant who was successful in setting aside his first
conviction because of an error in the proceedings leading to the first conviction. 



797 S.W.2d at 932, 934, 936. See also Lewis v. State, No. 3-93-598-CR (Tex. App.--Austin Aug.
31, 1994, pet. filed). We hold that Article I, section 14 of the Texas Constitution does not bar
appellant's retrial and overrule appellant's second point of error.

 In point of error three, appellant contends that independent of his double jeopardy claim,
his retrial is barred by the due process provision of the United States Constitution. U.S. Const.
amend. XIV. In point of error four, appellant contends that independent of his double jeopardy
claim, his retrial is barred by the due course of law provision of the Texas Constitution. Tex.
Const. art. I, §§ 13, 19. Appellant asserts that the conduct of the prosecutor and his team in this
case was so outrageous that it violated his rights to a fair retrial, if one is allowed, and thereby
denies him due process and due course of law.

 On original appeal we found that appellant had been deprived of due process, reversed the
judgment of conviction, and granted appellant a new trial. Additional facts which may have been
discovered in the ex parte proceeding convened after reversal and remand do not call for the
revision of our judgment or require the dismissal of the charge and appellant's acquittal. In
considering other cases where the facts and circumstances were fully as outrageous and shocking
as those in this case, the Court of Criminal Appeals has ordered a retrial and not the dismissal of
charges and an acquittal. See Ex parte Adams, 768 S.W.2d 281 (Tex. Crim. App. 1989); Ex
parte Brandley, 781 S.W.2d 887 (Tex. Crim. App. 1989).

 In Adams, the appellant urged a violation of the due course of law provision of Article I,
section 19 of the Texas Constitution as well as the Due Process Clause of the Fourteenth
Amendment. The Court of Criminal Appeals said: 



 The constitutional principles requiring disclosure of evidence favorable to an
accused and the prohibition on knowingly using false evidence to convict are basic
to the due process of law mandated by the Fourteenth Amendment. Such rights are
equally applicable to the due course of law rights identified in Art. I, § 19 of the
Texas Constitution.



768 S.W.2d at 293.

 In the more recent case of Ex parte Castellano, 863 S.W.2d 476 (Tex. Crim. App. 1993),
the trial court found that Castellano had been denied both due process and due course of law, but
denied relief in the "absence of case law as precedent." The court of appeals affirmed in an
unpublished opinion. The Court of Criminal Appeals granted review to determine whether the
court of appeals had decided an important issue of state and federal law in conflict with the Adams
decision. The Court of Criminal Appeals reversed the judgment of the court of appeals and
remanded the cause to the trial court. The charge was not dismissed. In Castellano, the Court
of Criminal Appeals discussed and relied on Alcorta v. Texas, 355 U.S. 28 (1957). In Alcorta,
the Supreme Court found that the use of perjured testimony denied Alcorta due process but did
not order the dismissal of charges and the acquittal of Alcorta. Neither did the Court of Criminal
Appeals on remand dismiss the charges; it instead remanded the cause to the trial court. Alcorta
v. State, 308 S.W.2d 519 (Tex. Crim. App. 1957).

 Appellant is entitled to a new trial under both the Due Process Clause of the Fourteenth
Amendment and Article I, sections 13 and 19 of the Texas Constitution. Appellant was granted
the new trial on his appeal to this Court. We remain convinced that retrial, not dismissal of the
charge and acquittal, is the proper remedy. We overrule appellant's third and fourth points of
error.

 The trial court's order denying habeas corpus relief is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: February 8, 1995

Publish














* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


APPENDIX