Alfred Maurice MALONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 54065.

Court of Criminal Appeals of Texas.

April 6, 1977.

William C. Denton, Houston, for appellant.

Carol S. Vance, Dist. Atty., Robert A. Shults, Ned B. Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for aggravated robbery. Appellant entered a plea of guilty and the jury assessed punishment at five years.

The record reflects that appellant was charged in separate indictments for two separate offenses of aggravated robbery which allegedly occurred in Houston on March 25, 1975. One robbery took place at a Stop'N'Go convenience store and another occurred at the Alston Produce Store. On September 2, 1975, appellant entered pleas of guilty to both offenses. The robbery at the Alston Produce Store is the gravamen of this prosecution.

Prior to entering his plea of guilty before the jury, appellant was properly admonished of the consequences of his plea as required by Art. 26.13, V.A.C.C.P. After the State rested its case, appellant testified in his own behalf. He related on cross-examination by the State that he and Nathan Grimes entered the Alston Produce Store on the night of March 25, 1975, and both made purchases. After leaving the store, appellant and Nathan were heading for appellant's house when they encountered William Grimes, Nathan's brother. William told the two that he needed to go to the produce store, and appellant and Nathan went back part of the way with him. William came out of the store with a coke, and the boys again headed home when William related that he was going back to "hold the place up." Appellant testified that he thought William was joking, and he and Nathan told William they weren't waiting on him. William returned to the store, and a few minutes later caught up with them. William told them that he "robbed the store" and showed appellant and Nathan some one dollar bills. Appellant testified that at that time he still thought William was joking until subsequently told by the police that a robbery had taken place. Appellant related that he was pleading guilty because he was involved in the robbery in that William had told him he was going to rob the store and did rob it. Appellant testified that he was not in the store during the robbery, that he did not see the robbery take place, and that he did not participate in the robbery.

In rebuttal, the State offered testimony of Marshall Ray Watson, who was working in the produce store on March 25, that appellant and another boy robbed him of $122.75 and of a .22 caliber pistol. Watson related that the other boy, not appellant, pointed a pistol at him and did all the talking.

No effort was made by defense counsel at any time during trial to withdraw the plea and no objection was made to the court's charge to the jury instructing that a finding of guilty be rendered. The record reflects that appellant was represented by appointed counsel at trial and by separate appointed counsel on appeal.

In *Gates v. State*, 543 S.W.2d 360, we cited *Burks v. State*, 145 Tex.Cr.R. 15, 165 S.W.2d 460, and stated:

". . . The rule now appears to be that, where a plea of guilty is entered in a felony case, before a jury, and evidence is introduced which makes evident the innocence of the accused, or which reasonably and fairly raises an issue as to such fact, such evidence should be withdrawn or a plea of not guilty entered. At any and all events, the case should not proceed to final judgment under the plea of guilty."

See also *Woodberry v. State*, Tex.Cr.App., 547 S.W.2d 629 (1977).

Both *Gates*, supra, and *Woodberry*, supra, involved pleas of guilty before juries on charges of aggravated robbery. In each case, the defendants admitted confronting the complaining witness with a pistol with the intent to rob, but denied that the robbery was completed as no property or money was taken. In both cases, the defendants failed to object to the court's charge instructing the jury to enter a verdict of guilty and did not request to withdraw the guilty plea. This Court reversed the convictions in both cases, holding that from a review of the totality of the circumstances, the defendant was not voluntarily pleading guilty to the offense charged in the indictment. Our holdings in those cases dictate that the instant case must be reversed.

Appellant's testimony raised a fact issue as to whether appellant entered the produce store and participated in the actual robbery or as to whether appellant was criminally responsible for an offense committed by another person.

The trial court instructed the jury to return a verdict of guilty. This was reversible error as a fact issue had been raised as to appellant's guilt and the case should not have proceeded to final judgment under a plea of guilty.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.