Mike TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 55723.

Court of Criminal Appeals of Texas.

Sept. 14, 1977.

Walter F. Splawn, Austin, for appellant.

Ronald D. Earle, Dist. Atty. and Charles E. Hardy, Asst. Dist. Atty., Austin, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

PHILLIPS, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of forgery.[1] Punishment was assessed at imprisonment for two years.

Appellant's court appointed counsel has filed a brief in which he presents a professional evaluation of the record demonstrating why there are no arguable grounds of error and the appeal is wholly frivolous and without merit. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gainous v. State*, Tex.Cr.App., 436 S.W.2d 137; *Currie v. State*, Tex.Cr.App., 516 S.W.2d 684. A copy of the record and counsel's brief have been delivered to appellant and appellant has been advised of his right to file a pro se brief.

We are unable to agree with counsel's conclusion that the appeal is frivolous. A review of the record shows the trial court should have withdrawn appellant's plea of guilty when appellant testified as follows:

"Q [DEFENSE COUNSEL]: You are 18 years of age. Now, it says here in this indictment, in Cause No. 50,042, that on or about the 15th day of November, 1975, that you did then and there with intent to harm and defraud somebody, that you knowingly and intentionally uttered a forged instrument in writing, to wit, a check, and I am going to show you what has been marked here as State's Exhibit No. 1, and is that the check that you were indicted on, son?

A Yes, sir.

Q And it is for $30. Now, did you have authority from Ginette Finnegan to sign this?

A No.

Q Did you sign it?

A I signed it.

1. The judgment and sentence adjudge appellant guilty of the offense of "forgery by passing". However, the indictment charges the offense of forgery by "possessing with intent to utter, a forged writing" with knowledge that such writing was forged. Appellant signed a stipulation admitting he was guilty of the offense of "forgery" and judicially confessed that the allegations in the indictment were true and correct.

Q Did you sign her name to it?

A I signed her name, but I purposely misspelled the name so it wouldn't go through the bank.

Q And you cashed this check where?

THE COURT: You mean you didn't intend to defraud the bank?

A Not actually—I didn't want it to go through the bank.

THE COURT: Well, you intended to defraud the man and get the money from him, didn't you?

A It wasn't really that way.

THE COURT: I will change your plea.

[DEFENSE COUNSEL]: Let me go ahead and develop it, Your Honor.

THE COURT: All right.

Q ([DEFENSE COUNSEL] resuming) Now, the truth of the matter is, you cashed the check and got the $30, and then you intended to get to the bank before the check did; is that the way it was?

A Yes.

Q And you intended to run down there and pay the check off before any bad things happened?

A Yes, sir.

Q But you never did get there?

A No, sir."

This testimony was a denial of an "intent to defraud and harm" as alleged in the indictment and raised an issue of fact as to appellant's innocence. See *Roberson v. State*, Tex.Cr.App., 549 S.W.2d 749; *Malone v. State*, Tex.Cr.App., 548 S.W.2d 908; *Woodberry v. State*, Tex.Cr.App., 547 S.W. 2d 629; *Gates v. State*, Tex.Cr.App., 543 S.W.2d 360. Reviewing the totality of the circumstances, we conclude that appellant was not voluntarily pleading guilty to the offense charged in the indictment and the case should not have proceeded to final judgment under the plea of guilty. See *Moon v. State* (No. 54,352 decided June 29, 1977).

The judgment is reversed and the cause remanded.