Rafael E. GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 938–83.

Court of Criminal Appeals of Texas, En Banc.

March 20, 1985.

Robin A. Hartman, Houston, for appellant.

Amado Abascal, III, Dist. Atty., Eagle Pass, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted upon his guilty pleas before a jury of three offenses of official misconduct (Trial Court Nos. 2498, 2499 and 2500) and three felony theft over $10,000.00 offenses (Trial Court Nos. 29501, 29502 and 29503). In each of the official misconduct cases the jury assessed punishment at five years' imprisonment and a $5,000.00 fine, and in each of the theft cases the jury assessed punishment at 10 years' imprisonment and a $10,000.00 fine.

On appeal appellant raised a number of grounds of error. The San Antonio Court of Appeals affirmed the judgments in the six cases, reforming, however, the theft sentences ordering that they run concurrently rather than consecutively as ordered by the trial judge. *Garza v. State* (No. 04–82–00256–CR). We granted appellant's petition for discretionary review to review several of appellant's contentions regarding the opinion of the Court of Appeals.

On appeal appellant complained the trial court erred by failing to sua sponte withdraw his plea of guilty to the three theft indictments when evidence was introduced which reasonably and fairly raised an issue of fact as to his guilt. Appellant contends the Court of Appeals erred in overruling this ground of error.

Appellant argues the evidence showed that at the time of the theft offenses he was County Treasurer of Maverick County and was the only person authorized to withdraw funds from the county bank account from which the money was missing, and he thus had a greater right of possession than "Ramon Saucedo, Jr., County Judge of Maverick County," who was alleged as the "owner" in the three theft indictments. See V.T.C.A., Penal Code, § 1.07(a)(24).

Appellant was duly admonished and entered pleas of guilty to the theft indictment before the jury.

In *Darden v. State*, 430 S.W.2d 494, 495 (Tex.Cr.App.1968), this Court stated:

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed (authorities cited omitted).

"Where the guilty plea is before the jury, the presumption of innocence does not obtain under the plea and there is no issue of justification under it. *Stullivan v. State*, 47 Tex.Cr.R. 615, 85 S.W. 810; *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W. 279. See also *Jackson v. State*, 155 Tex. Cr.R. 466, 236 S.W.2d 623. Where such plea is before a jury, the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt beyond a reasonable doubt. *Alexander v. State*, 69 Tex.Cr.R. 23, 152 S.W. 436...." See *Renesto v. State*, 452 S.W.2d 498 (Tex.Cr.App,1970); *Brinson v. State*, 570 S.W.2d 937 (Tex.Cr.App. 1978).

The evidence showed that at the time of the offenses appellant was County Treasurer of Maverick County. In that capacity he could make deposits in a county bank account entitled "Maverick County Interest and Sinking and Other Funds Account, No. 8-000-530." He was authorized to write checks on that account on his signature alone. Appellant set up a bank account in an adjoining county in the name of a fictitious company and over a two year period diverted approximately $84,000.00 in county funds from the above described account to the bank account in the adjoining county. Appellant used the money for personal expenses and to invest in businesses. The appellant made separate written judicial confessions to each offense tracking the allegations of each indictment. A further extrajudicial statement of appellant was also introduced in which he admitted that all of the money involved had been wrongfully appropriated from the rightful owner, Maverick County. Bank account records, checks and numerous other exhibits were offered and accepted into evidence.

The State called Saucedo, the County Judge, the County Auditor, and a witness as to the rental of a postal box. Numerous receipts, cancelled checks, deposit tickets and invoices were also introduced as well as appellant's statement admitting his guilt.

Saucedo testified he had been County Judge for 12 years prior to his testimony, and that permission had not been given appellant to take the various sums of money from the said account on the various dates involved, and appellant had not been given permission to take any county money. At the conclusion of his testimony, the prosecutor asked:

"Q. This money that we are talking about is not your personal money. It is money that belonged to Maverick County. Is that correct?

"A. That is correct."

Appellant called two reputation witnesses and then testified himself. He admitted his guilt of the offenses as charged along the lines of his statement previously introduced. He expressly admitted each and every element of the offenses charged. He asked for probation and promised to make restitution. He stated all funds taken were from the same Maverick County account while he was County Treasurer, that the Commissioners Court had required two signatures to withdraw money from other county funds, but had only required one signature—his—on the account in question. He detailed how he had spent the money once he had misappropriated the county money.

On appeal appellant seizes upon the Judge's testimony that the money was not his personal money and the fact his (appellant's) was the only authorized signature on the said bank account of the county. He contends that this gave him the greater right of possession than the County Judge, V.T.C.A., Penal Code, § 1.07(a)(24), and that the court on its own motion should

have withdrawn the guilty pleas to the theft indictments.

In *Varela v. State,* 553 S.W.2d 111 (Tex. Cr.App.1977), we stated,

"This court has for years held that when evidence introduced before a jury (when a defendant has entered a guilty or nolo contendere plea) makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is not withdrawn, the trial court is required, sua sponte, to withdraw the accused's guilty or nolo contendere plea and enter a not guilty plea for the accused. [Citations omitted] ...

"For the rule to come into play the evidence must go farther (sic) than just tending to show a defensive issue, it must reasonably and fairly present such issue before the trial court is required to withdraw the guilty or nolo contendere plea. *Reyna v. State,* [434 S.W.2d 362 (Tex.Cr.App.1968)]; *Galvan v. State,* 525 S.W.2d 24 (Tex.Cr.App.1975); *Davis v. State,* 507 S.W.2d 740 (Tex.Cr.App. 1974); *Jones v. State,* 491 S.W.2d 883 (Tex.Cr.App.1973).

"This is true even though no effort was made by defense counsel at any time during the trial to withdraw the plea and no objection was made to the court's charge to the jury instructing them that a finding of guilty be rendered, *Woodberry v. State,* 547 S.W.2d 629 (Tex.Cr. App.1977); *Gates v. State,* 543 S.W.2d 360 (Tex.Cr.App.1976), and even though the testimony of appellant himself may have shown him to be guilty of the offense. *Woodberry v. State,* supra; *Gates v. State,* supra."

See also *Montalvo v. State,* 572 S.W.2d 714 (Tex.Cr.App.1978); *Taylor v. State,* 555 S.W.2d 483 (Tex.Cr.App.1977); *Malone v. State,* 548 S.W.2d 908 (Tex.Cr.App.1977); *Lewis v. State,* 529 S.W.2d 550 (Tex.Cr. App.1975); *Hayes v. State,* 484 S.W.2d 922 (Tex.Cr.App.1972); *Burks v. State,* 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942).

■ It was undisputed that the money in question belonged to Maverick County. It appears the State attempted to follow the better practice, that where the stolen property is owned by a corporation or like entity, to allege the property was taken from the custody and control of a natural person acting for the corporation or like entity. *Eaton v. State,* 533 S.W.2d 33 (Tex.Cr.App. 1976); *Castillo v. State,* 469 S.W.2d 572, 573 (Tex.Cr.App.1971). It is then necessary to prove this natural person is the special owner of the property. *Castillo v. State,* supra. When this is done there is no variance between proof showing true owner and allegation of special owner. *Eaton v. State,* supra.

The Commissioners Court is the governing body of the county, and the County Judge is a member thereof and the presiding officer of the court. See Article 5, § 18, Tex. Const.; Article 2342, V.A.C.S.; *Anderson v. Parsley et al.,* 37 S.W.2d 358 (Tex.Civ.App.1931); *Dodson v. Marshall,* 118 S.W.2d 621 (Tex.Civ.App.1938).

Article 1709, V.A.C.S., provides in part:

"It is the county treasurer's duty to receive all moneys belonging to the county from whatever source they may be derived, and to pay and apply them as required by law, in such manner as the commissioners' court of the county may require and direct...."

And it has been said that the Commissioners' Court, not the County Treasurer, is the custodian of county funds. *Hurley v. Buchanan,* 233 S.W. 590 (Tex.Civ.App. 1921).

■ As the money was the county's, it was understandable that the State alleged Saucedo as the "owner" and alleged his official position as County Judge. It must be remembered these were pleas of guilty before the jury. These pleas admitted all the facts necessary to establish guilt, and evidence was introduced only to aid the jury in the assessment of punishment. *Burks v. State,* supra. The State was not required to prove each element of the offenses beyond a reasonable doubt. Under all the circumstances the trial court did not err in failing to withdraw appellant's plea

of guilty on its own motion. See *Hayes v. State*, supra. The evidence now referred to and isolated by appellant did not make evident his innocence or reasonably and fairly raise an issue to such fact. Appellant's ground of review is overruled.

Next appellant contends the Court of Appeals decided an important question of state law concerning cumulative sentencing that has not and should be settled by this Court.

Appellant was charged with three Title 7 of the Penal Code theft cases and three Title 8 of the Code official misconduct cases. All six offenses were joined for trial by written motion of the district attorney approved by the appellant and his counsel. No reference in said motion was made to V.T.C.A., Penal Code, § 3.02 (Consolidation and Joinder of Prosecutions).

After the convictions, some of the sentences were made cumulative by the trial court. The sentences in Trial Court Nos. 2500 (five years and $5,000.00 fine for official misconduct), 2501 (10 years and $10,-000.00 fine for felony theft) and 2503 (10 years and $10,000.00 fine for felony theft) were each ordered to commence March 13, 1981. The sentence in Cause No. 2498 (five years and $5,000.00 fine for official misconduct) was ordered to commence after the sentence in Cause No. 2501 had ceased to operate. The sentence in Cause No. 2499 (five years and a $5,000.00 fine for official misconduct) was ordered to commence after the sentences in Cause Nos. 2498 and 2501 had ceased to operate. The sentence in Cause No. 2502 (10 years and a $10,-000.00 fine for felony theft) was ordered to commence after the sentence in Cause No. 2502 had ceased to operate.

The Court of Appeals considered that the district attorney's motion had been filed pursuant to said § 3.02 and noted that where a defendant is convicted in a single trial of more than one offense defined in Title 7 of the Penal Code (Offenses Against Property) the theft sentences must run concurrently. See V.T.C.A., Penal Code, § 3.03; *Smith v. State*, 575 S.W.2d 41 (Tex. Cr.App.1979). The court concluded that

the Cause Nos. 2501 and 2502, both being for the Title 7 offenses of felony theft, could not be cumulated. The Court of Appeals also concluded that Title 8 (Official Misconduct) offenses were not Title 7 offenses and that § 3.03 prohibiting cumulative sentences under certain circumstances was not applicable. See V.T.C.A., Penal Code, § 3.01, which in effect limits the provisions of § 3.03 to Title 7 offenses. The Court of Appeals then reformed the sentence in Cause No. 2502 to delete all references therein to Cause No. 2501 and ordered it (2502) to commence March 13, 1981.

Appellant complains that the Court of Appeals in effect held that the Title 8 offenses (Official Misconduct) could be made cumulative or "stacked" on each other and "on top" of a Title 7 offense (theft) even where all offenses were consolidated under a motion pursuant to § 3.02. We agree with this assessment of the action of the Court of Appeals, and uphold that action.

■ Normally the trial judge has absolute discretion to cumulate sentences. Article 42.08, V.A.C.C.P.; *Smith v. State*, supra.

In arguing the trial court could not cumulate the particular sentences involved, appellant relies upon V.T.C.A., Penal Code, § 3.03. Such section provides that where a defendant is convicted, at a single trial, or more than one offense arising out of the same criminal episode, the sentences must run concurrently. Section 3.02 provides that several offenses may be joined in a single trial if the State files written notice at least 30 days prior to trial and the offenses arose out of the same criminal episode. Section 3.01 limits "criminal episode" to the repeated commission of offense defined in Title 7 (Offenses Against Property) of the Penal Code. Thus it is clear that § 3.01 limits the applicability of §§ 3.02 and 3.03. Cf. *Smith*. In *Smith* at p. 42 this court noted "Also, attempted capital murder is defined in Title 5 (Offenses Against the Person) and is not subject to the Chapter 3 joinder provisions."

■ Sections 3.02 and 3.03 are, of course, applicable to Title 7 offenses. However, to accomplish a proper consolidation of two or more offenses arising from the same criminal episode so that § 3.03 becomes applicable the State must file the written notice required in § 3.02(b). *Smith v. State*, supra; *Caughorn v. State*, 549 S.W.2d 196 (Tex.Cr.App.1977); *McCullen v. State*, 659 S.W.2d 455, 458 (Tex.App. [5th Dist.] 1983). See also *Gordon v. State*, 633 S.W.2d 872 (Tex.Cr.App.1982).

■ The Court of Appeals stated the written motion here was filed pursuant to § 3.02. Said motion rendered the Title 7 offenses (theft) applicable to the provisions of § 3.03 but not the Title 8 offenses (official misconduct), which were included in the written motion. We do not view the incorporation of offenses outside Title 7 in a § 3.02 motion as making § 3.03 applicable thereto even where consolidated with Title 7 offenses.

■ In the instant case appellant agreed to the consolidation. It has long been held that pending indictments may be consolidated in a single trial with the consent or absent an objection by and with the implied consent of the defendant. See *Watson v. State*, 488 S.W.2d 816 (Tex.Cr.App.1972); *Jones v. State*, 480 S.W.2d 623 (Tex.Cr.App.1972); *Royal v. State*, 391 S.W.2d 410 (Tex.Cr.App.1965). See also *Johnson v. State*, 509 S.W.2d 322, 323 (Tex.Cr.App.1974).

In such cases normally the absolute discretion to cumulate sentences is applicable. Article 42.08, supra. That is still the law except where the provisions of §§ 3.02 and 3.03 become applicable to Title 7 offenses. Appellant's ground of review is overruled.

Appellant also urges the Court of Appeals erred in overruling his contention that in three cases he should have been prosecuted under V.T.C.A., Penal Code, § 39.01(a)(5) (Official Misconduct), a more particular statute, rather than under V.T.C.A., Penal Code, § 31.03, the general theft statute.

■ The general rule is that a specific statute controls over a general statute, see *Cuellar v. State*, 521 S.W.2d 277 (Tex.Cr.App.1975). See also *Sarratt v. State*, 543 S.W.2d 391 (Tex.Cr.App.1976); *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976); *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974). And as appellant noted, the Court of Appeals indicated the theft statute (§ 31.03) was the more specific statute applicable to the criminal conduct of any person appropriating money of value of $10,000.00 or more.

The Court of Appeals disposed of the contention on the basis of waiver. Each of the three indictments contained two counts. The first charged theft of property over $10,000.00 and the second charged official misconduct by misapplying public funds under V.T.C.A., Penal Code, § 39.01(a)(5). The State abandoned the second count in each of these indictments with approval of the trial court without objection from appellant, who then entered guilty pleas before the jury to the said first counts.

The question of waiver aside, we shall address the contention.

Appellant argues that his position as County Treasurer at the time of the offenses immunized him from exposure to prosecution for a second-degree felony (theft over $10,000.00) and that he should have been prosecuted for official misconduct under § 39.01(a)(5), a third-degree felony.

V.T.C.A., Penal Code, § 31.02 (Consolidation of Theft Offenses), provides:

"Theft as defined in Section 31.03 of this code constitutes a single offense superseding the separate offenses previously known as theft, theft by false pretext, conversion by a bailee, theft from the person, shoplifting, acquisition of property by threat, swindling, swindling by worthless check, embezzlement, extortion, receiving or concealing embezzled property, and receiving or concealing stolen property."

The Practice Commentary to said § 31.02 provides in part:

"No part of the old Penal Code produced more confusion, more appellate litigation, and more reversals on technicalities unrelated to the actor's guilt or innocence than the multitude of offenses proscribing criminal acquisitions of another's property * * *

"For this reason in the new code most of the theft offenses are consolidated into a single, comprehensive offense ... Section 31.02 serves merely to explain and emphasize the intent of the theft section: theft is a single offense with a uniform culpable mental state, a uniform result, uniform penalties, and uniform defenses, all of which focus on culpability rather than, as under prior law, whether the state is pursuing under the appropriate offense label."

V.T.C.A., Penal Code, § 31.02, defines theft and divides the offense into classes of misdemeanors and degrees of felonies depending upon the value of the property stolen.

Section 31.03(d)(5), provides:

"(d) An offense under this section is: " * * *

"(5) a felony of the second degree if the value of the property stolen is $10,-000.00 or more."

V.T.C.A., Penal Code, § 39.01 (Official Misconduct), provides:

"(a) A public servant commits an offense if, with intent to obtain a benefit for himself or to harm another, he intentionally or knowingly:

"(1) commits an act relating to his office or employment that constitutes an unauthorized exercise of his official power;

"(2) commits an act under color of his office or employment that exceeds his official power;

"(3) refrains from performing a duty that is imposed on him by law or that is clearly inherent in the nature of his office or employment;

"(4) violates a law relating to his office or employment; or

"(5) takes or misapplies any thing of value belonging to the government that may have come into his custody or possession by virtue of his employment, or secretes it with intent to take or misapply it, or pays or delivers it to any person knowing that such person is not entitled to receive it.

"(b) For purposes of Subsection (a)(2) of this section, a public servant commits an act under color of his office or employment if he acts or purports to act in an official capacity or takes advantage of such actual or purported capacity.

"(c) An offense under Subsections (1)(1) through (a)(4) of this section is a Class A misdemeanor. A offense under Subsection (a)(5) of this section is a felony of the third degree."

Section 39.01 replaced a large number of the statutes of the former Penal Code (1925), most of which applied to violations of specific duties by specific public servants. The five subdivisions of § 39.01 describe the different ways in which the offense may be committed.

The Practice Commentary to said statute did note:

"Subdivision (5) was not included in the 1970 proposed code and its inclusion is an unfortunate departure from the consolidation of theft offenses, see the commentary on Sections 31.02 and 31.03. *The conduct described by Subdivision (5)— taking and misapplication—is covered by the theft chapter with much greater precision....*" (Emphasis supplied.)

■ Section 39.01 proscribes generally misfeasance and nonfeasance in public office. Subdivision 5 was designed to punish a public servant who takes or misapplies any thing of value belonging to the government while the description of the proscribed conduct is specific, the description of the possible item taken (stolen) or misapplied and its value in general and without limit. For example, the taking or misapplication of a thing of the value of five dollars

**332**

or a million dollars would be a third-degree felony under § 39.01(a)(5). The theft statute (§ 31.03) by contrast to the official misconduct (§ 39.01) statute is a general statute in describing both the conduct and the perpetrator. The specific definition of "property" applicable to § 31.03 expressly includes money. See V.T.C.A., Penal Code, § 31.01(6). The range of punishment is specially related to the value of the property appropriated. For example, a person convicted of theft of property including money over $10,000.00 would be guilty of a second-degree felony. We conclude that the theft statute is the more specific statute applicable to the criminal conduct of any person stealing money of the value of $10,000.00 or more.

Both statutes were applicable to the alleged conduct of the appellant. Since the statutes are pari materia and when construed together can be harmonized and given effect with the special governing the general in the event of a conflict where the property is money and the value thereof is $10,000.00 or more. See 53 Tex.Jur.2d, Statutes, § 186, p. 280; *Hines v. State*, 515 S.W.2d 670, 675 (Tex.Cr.App.1974). See and cf. *Ex parte Harrell*, 542 S.W.2d 169 (Tex.Cr.App.1976).

Appellant's contention is overruled.

■ Appellant further urges the trial court erred in failing to admonish him at the time of the guilty pleas that the sentences could be cumulated. Appellant candidly admits this issue was not raised before the Court of Appeals, but requested that we consider the same in the interest of justice. This we decline to do. However, see and cf. *Simmons v. State*, 457 S.W.2d 283 (Tex.Cr.App.1970), holding the trial court did not have to admonish a defendant as to the court's discretion to cumulate sentences.

The judgment of the Court of Appeals is affirmed.

CAMPBELL, J., not participating.