TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00561-CR






Michael Gamblin, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0963030, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






PER CURIAM

Appellant pleaded no contest before a jury to two counts of aggravated sexual assault. Act
of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18,
1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since
amended). The jury found appellant guilty on both counts and assessed punishment at imprisonment for
sixty-five years and a $10,000 fine.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. See Anders v. California, 386 U.S. 738 (1967); see also Penson v. Ohio, 488 U.S. 75
(1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969). After this brief was filed, appellant was permitted to substitute a
retained attorney for his appointed attorney. New counsel filed a brief raising two points of error.

The first point of error complains that the district court erroneously limited trial counsel's
voir dire examination. While questioning the jury panel, defense counsel informed them that a knife was
used in the commission of these offenses and asked if that would affect any panelist's ability to consider
probation. The court interrupted this questioning and, at the bench, instructed counsel not to voir dire the
panel on the specific facts of the case. Counsel agreed to rephrase his questions. Counsel did not object
to the court's ruling.

In the absence of an objection, no error is presented. See Tex. R. App. P. 33.1. Counsel
was allowed to question the panelists fully on their ability to recommend probation in an aggravated sexual
assault case, and on whether that recommendation would be affected by the defendant's use of a deadly
weapon. Appellant relies on the opinion in Maddux v. State, 862 S.W.2d 590 (Tex. Crim. App. 1993). 
In that case, however, defense counsel did not, as here, inform the jury panel of the facts of the case. The
Maddux court emphasized that its holding did not abrogate the rule prohibiting counsel from committing
the venire members to a certain verdict given particular facts. Id. at 592. Point of error one is overruled.

By his second point of error, appellant contends the district court fundamentally erred by
failing to instruct the jury on the insanity defense. Appellant filed notice of his intention to raise the defense
as required by statute. Tex. Code Crim. Proc. Ann. art. 46.03, § 2 (West 1979). Before trial, however,
appellant informed the court that he would plead no contest. Appellant's pleas of no contest before the
jury were, in themselves, sufficient to sustain the judgment of conviction. Garza v. State, 687 S.W.2d
325, 327 (Tex. Crim. App. 1985).

Appellant testified on his own behalf. He said that he had been suffering from depression
during the months preceding the offenses and that he received psychiatric treatment after the offenses. 
During cross-examination, appellant said that his actions were the result of "an internal conflict," and that
he "couldn't stop what had started." He said the "internal conflict" was "like someone else talking in my
head." Appellant did not testify that he did not know that his conduct was wrong, but did respond
affirmatively when asked by the prosecutor if he was claiming to have been insane.

A psychiatrist appointed by the court reported that appellant was sane at the time of the
offenses. Defense counsel told the court that another psychiatrist had examined appellant and that the result
was "not favorable." The defense offered no expert testimony.

Appellant did not request to change his pleas to not guilty by reason of insanity. At the
charge conference, both appellant and his attorney agreed with the court that there was no probative
evidence of insanity within the meaning of the penal code. Appellant did not request an insanity instruction
or object to its absence. We find no basis in the record for concluding that the district court, on its own
motion, should have instructed the jury on the insanity defense. Point of error two is overruled.

The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: December 18, 1997

Do Not Publish



147TH JUDICIAL DISTRICT


NO. 0963030, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






PER CURIAM

Appellant pleaded no contest before a jury to two counts of aggravated sexual assault. Act
of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act of July 18,
1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann. § 22.021, since
amended). The jury found appellant guilty on both counts and assessed punishment at imprisonment for
sixty-five years and a $10,000 fine.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. See Anders v. California, 386 U.S. 738 (1967); see also Penson v. Ohio, 488 U.S. 75
(1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969). After this brief was filed, appellant was permitted to substitute a
retained attorney for his appointed attorney. New counsel filed a brief raising two points of error.

The first point of error complains that the district court erroneously limited trial counsel's
voir dire examination. While questioning the jury panel, defense counsel informed them that a knife was
used in the commission of these offenses and asked if that would affect any panelist's ability to consider
probation. The court interrupted this questioning and, at the bench, instructed counsel not to voir dire the
panel on the specific facts of the case. Counsel agreed to rephrase his questions. Counsel did not object
to the court's ruling.

In the absence of an objection, no error is presented. See Tex. R. App. P. 33.1. Counsel
was allowed to question the panelists fully on their ability to recommend probation in an aggravated sexual
assault case, and on whether that recommendation would be affected by the defendant's use of a deadly
weapon. Appellant relies on the opinion in Maddux v. State, 862 S.W.2d 590 (Tex. Crim. App. 1993). 
In that case, however, defense counsel did not, as here, inform the jury panel of the facts of the case. The
Maddux court emphasized that its holding did not abrogate the rule prohibiting counsel from committing
the venire members to a certain verdict given particular facts. Id. at 592. Point of error one is overruled.

By his second point of error, appellant contends the district court fundamentally erred by
failing to instruct the jury on the insanity defense. Appellant filed notice of his intention to raise the defense
as required by statute. Tex. Code Crim. Proc. Ann. art. 46.03, § 2 (West 1979). Before trial, however,
appellant informed the court that he would plead no contest. Appellant's pleas of no contest before the
jury were, in themselves, sufficient to sustain the judgment of conviction. Garza v. State, 687 S.W.2d
325, 327 (Tex. Crim. App. 1985).

Appellant testified on his own behalf. He said that he had been suffering from depression
during the months preceding the offenses and that he received psychiatric treatment after the offenses. 
During cross-examination, appellant said that his actions were the result of "an internal conflict," and that
he "couldn't stop what had started." He said the "internal conflict" was "like someone else talking in my
head." Appellant did not testify that he did not know that his conduct was wrong, but did respond
affirmatively when asked by the prosecutor if he was claim