TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00431-CR






Gerald Lee McCall, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR96-011, HONORABLE VIRGIL MULANAX, JUDGE PRESIDING







 A jury found appellant Gerald Lee McCall guilty of delivery of more than four but
less than two hundred grams of methamphetamine. See Tex. Health & Safety Code Ann.
§§ 481.102(6), .112(d) (West Supp. 1999). The trial court assessed punishment at ten years
confinement, probated for ten years, and a $5,000 fine. On appeal, McCall challenges the legal
sufficiency of the evidence to support the conviction. We will affirm.


BACKGROUND


 On October 27, 1995, appellant's girlfriend, Debra Welch, was arrested for
delivering methamphetamine to an undercover police officer. The delivery was arranged by a
police informant. At the time of Welch's arrest, three men regularly resided with her at her
apartment: appellant, Gary "Bubba" McCutchen, and Norman Beeson. 

 Soon after Welch's arrest, a search incident to a warrant revealed a substantial
amount of methamphetamine-related paraphernalia in the apartment. Several months later, police
arrested appellant and charged him with delivery of the methamphetamine for which Welch was
arrested.

 At trial, the State called the informant, who testified that appellant and Welch
approached him and arranged a sale of methamphetamine. The informant stated that at the
meeting appellant attempted to persuade him to buy methamphetamine from appellant and Welch,
rather than McCutchen and Beeson, because appellant was a more trustworthy and experienced
methamphetamine cook. According to the informant, appellant boasted about the skill with which
he manufactured methamphetamine, and demonstrated the process he used to produce the drug
with equipment later recovered from the apartment. The informant testified that the 
methamphetamine laboratory in the apartment contained equipment used to filter out odors
produced by the manufacture of methamphetamine.

 Welch, also testifying for the State, claimed that she was unaware of the source of
the methamphetamine that she delivered to the undercover officer. Welch testified that she
retrieved the drugs from the apartment after McCutchen informed her of their location. Welch
testified that she assumed that the methamphetamine was not supplied by appellant, as he had not
been in her apartment for several days prior to the delivery. Welch also testified that appellant
invited McCutchen and Beeson to stay at the apartment, and that they stayed there at appellant's
pleasure.

 Both appellant and Welch denied ever meeting with the informant. Appellant also
testified that he never manufactured methamphetamine and claimed that he was unaware of the
presence of methamphetamine-production equipment in Welch's apartment. Appellant denied that
Welch's apartment was his principal place of residence, although he admitted to spending two or
three nights per week at the apartment for a period of several months. 


DISCUSSION


 At trial, the jury was instructed on criminal liability for the delivery of
methamphetamine, both as a principal and under the law of parties. Appellant contends that the
trial court erred because the evidence was legally insufficient to support a guilty verdict based on
the law of parties. 

 In reviewing the legal sufficiency of the evidence, we must determine whether,
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Geesa v. State, 820 S.W.2d 154, 156-57 (Tex. Crim. App.
1991); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). The jury is the exclusive
judge of the credibility of the witnesses and the weight to be given to the witnesses' testimony, and
is free to accept or reject all or any part of a witness's testimony. See Adelman v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992). The jury may draw reasonable inferences and make
reasonable deductions from the evidence. See Benavides v. State, 763 S.W.2d 587, 588-89 (Tex.
App.--Corpus Christi 1988, pet. ref'd). Any inconsistencies are resolved in favor of the verdict. 
See Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). It is the duty of this Court
to determine if the explicit and implicit findings by the trier of fact are rational under legal
standards to support appellant's conviction. See Adelman, 828 S.W.2d at 422. It is not necessary
that every fact point directly and independently to appellant's guilt; it is enough if the conclusion
is warranted by the combined and cumulative force of all the incriminating circumstances. See
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981).

 It is undisputed that appellant did not personally deliver methamphetamine to the
undercover officer; therefore, in order to establish appellant's guilt, the pertinent issue is whether
a rational jury could find appellant guilty for the delivery of methamphetamine under the law of 
parties. In light of all of the evidence and the jury's verdict, we conclude that a rational jury could
have found each essential element of criminal responsibility for the conduct of another beyond a
reasonable doubt. See Tex. Penal Code Ann. § 7.02(a)(2) (West 1994). 

 Under the law of parties, the State must first prove the guilt of the primary actor in
order to prove the defendant's guilt. See Richardson v. State, 879 S.W.2d 874, 882 (Tex. Crim.
App. 1993). The State met this burden when Welch pled guilty to the offense of delivery of
methamphetamine. See Garza v. State, 687 S.W.2d 325, 328 (Tex. Crim. App. 1985); see also
Tex. Health & Safety Code Ann. §§ 481.102(6), .112(d) (West Supp. 1999). Welch also admitted
her guilt at appellant's trial.

 Next, the State must prove that appellant acted to promote or assist in the delivery
of methamphetamine. See Tex. Penal Code Ann. § 7.02(a)(2) (West 1994). When an accused
promotes or assists in the commission of an offense, he shares the criminal responsibility. See
Haddad v. State, 860 S.W.2d 947, 950 (Tex. App.--Dallas 1993, pet. ref'd). Under the law of
parties, circumstantial evidence alone may be sufficient to establish that appellant was a party to
the offense. See Wygal v. State, 555 S.W.2d 465, 469 (Tex. Crim. App. 1977). Additionally,
it is not necessary that appellant be physically present at the crime scene to be criminally
responsible for Welch's behavior. See Morrison v. State, 608 S.W.2d 233, 234-35 (Tex. Crim.
App. 1980).

 To establish liability as a party, the State must prove, in addition to the illegal
conduct by the primary actor, that appellant harbored the specific intent to promote or assist in the
delivery of methamphetamine. See Lawton v. State, 913 S.W.2d 542, 555 (Tex. Crim. App.
1995). Alternatively, the State may prove that appellant knew he was assisting in the delivery of
methamphetamine. See Amaya v. State, 733 S.W.2d 168, 174-75 (Tex. Crim. App. 1996). The
State is responsible for proving that appellant encouraged, assisted, or agreed to aid Welch in
delivering methamphetamine either before or contemporaneous to the delivery. See Miranda v.
State, 813 S.W.2d 724, 732 (Tex. App.--San Antonio 1991, pet. ref'd).

 Viewing the evidence in the light most favorable to the verdict, we hold that a rational
jury could find that appellant acted with intent and knowledge to promote or assist Welch in the
delivery of methamphetamine. While appellant testified that he had neither intent nor knowledge
of the delivery, the jury was not obligated to accept appellant's version of the events. See
Adelman, 828 S.W.2d at 421. Rather, the jury was free to accept the informant's testimony. See
id. According to the informant's testimony, appellant displayed both intent and knowledge when
appellant and Welch met with the informant and encouraged him to deal with them, rather than
with McCutchen and Beeson. This meeting occurred days before Welch's delivery of
methamphetamine to the undercover officer, and thus represents a prior agreement. See Miranda,
813 S.W.2d at 732. The informant testified that appellant was upset at McCutchen and Beeson
for using appellant's equipment to manufacture methamphetamine for a sale from which they
excluded appellant. 

 Based on the informant's testimony, appellant further manifested his intent and
knowledge by demonstrating and describing his methamphetamine manufacturing technique and
process for the informant. While appellant denied at trial any knowledge of methamphetamine-production equipment, both equipment and chemicals were found in a linen closet in the 
apartment. The frequency with which appellant resided at Welch's apartment and appellant's
fingerprints on a glass beaker found in the closet further connect appellant with the equipment. 
Although appellant and Welch testified that the glass cylinder was used for making coffee, the
cylinder was found wrapped in paper in the linen closet with other equipment and
methamphetamine-production paraphernalia, and next to a bag of a white powdered substance (1) and
a vial of red phosphorous. Evidence technician Wayne Ellington testified for the State that red
phosphorous is commonly used in the manufacture of methamphetamine.

 Additionally, while both appellant and Ms. Welch testified that they had no
knowledge of the methamphetamine-related paraphernalia, equipment and chemicals were found
in multiple other locations throughout the apartment. Various chemicals used in methamphetamine
production, as well as a plastic container holding methamphetamine, were found in the kitchen
cabinets. In the bedroom, red phosphorous was found between the mattress and box springs and
methamphetamine was found under a pillow.


CONCLUSION


 Considering the evidence as a whole, we conclude that a rational jury could have
determined that the State proved beyond a reasonable doubt the essential element of appellant's
culpability, the common design to deliver methamphetamine. See Brooks v. State, 580 S.W.2d
825, 831 (Tex. Crim. App. 1979). Because we hold that appellant acted with intent and
knowledge to promote or assist Welch's delivery of methamphetamine to the undercover officer,
we need not determine the source of the drugs. See Francis v. State, 909 S.W.2d 158, 162 (Tex.
App.--Houston [14th Dist.] 1995, no pet.) (it is sufficient to show defendant acted with intent to
promote or assist in other individual's actual transfer of narcotics to undercover officer to establish
criminal responsibility under the law of parties).

 The point of error is overruled and the judgment of the trial court is affirmed.



 

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: June 17, 1999

Do Not Publish
1. The white powdered substance was too small to test.




delivering methamphetamine either before or contemporaneous to the delivery. See Miranda v.
State, 813 S.W.2d 724, 732 (Tex. App.--San Antonio 1991, pet. ref'd).

 Viewing the evidence in the light most favorable to the verdict, we hold that a rational
jury could find that appellant acted with intent and knowledge to promote or assist Welch in the
delivery of methamphetamine. While appellant testified that he had neither intent nor knowledge
of the delivery, the jury was not obligated to accept appellant's version of the events. See
Adelman, 828 S.W.2d at 421. Rather, the jury was free to accept the informant's testimony. See
id. According to the informant's testimony, appellant displayed both intent and knowledge when
appellant and Welch met with the informant and encouraged him to deal with them, rather than
with McCutchen and Beeson. This meeting occurred days before Welch's delivery of
methamphetamine to the undercover officer, and thus represents a