**Opinion issued June 25, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00249-CR

———————————

**COLBIN JOHN WRIGHT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 77th District Court**
**Limestone County, Texas**
**Trial Court Case No. 15490-A**

---

## O P I N I O N

Appellant Colbin John Wright was indicted under two different cause numbers for the offenses of theft and evading arrest with a motor vehicle.[1] The

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Tenth Court of Appeals to this Court. *See* TEX.

cases were consolidated, and a jury convicted him of both offenses. The offenses were enhanced with previous convictions. The jury assessed his punishment for the theft offense at 15 years' confinement and a fine of $5,649 and at 99 years' confinement for the evading arrest offense, with the sentences to run concurrently. In his sole appellate issue, Wright argues that the indictment in the theft case was never legally amended to include the allegation of evading arrest with a motor vehicle and, therefore, the conviction for evading arrest is void. However, the record contains both the grand jury's original indictment for evading arrest with a motor vehicle plus a valid order consolidating the two cases. We affirm.

**Background**

Police in Limestone County observed Wright driving a pickup truck that had been reported stolen by a rental car company in Houston. Wright pulled over briefly for a traffic stop but then fled in the vehicle with police pursuing him. The police found the truck abandoned in a neighboring county, but eventually they saw Wright on a stolen riding lawnmower. When he was arrested, Wright had the keys to the stolen truck on his person.

Appellant was indicted in cause number 15490-A on three counts related to the above facts: (1) evading arrest with a prior conviction; (2) theft; and (3) unauthorized use of a motor vehicle. The indictment alleged that on or about

GOV'T CODE § 73.001 (authorizing transfer cases). We are unaware of any conflict between its precedent and ours. *See* TEX. R. APP. P. 41.3.

2

December 3, 2021, Wright "intentionally fle[d] from [S.] Rousey, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain [him]"; he "unlawfully appropriate[d], by acquiring or otherwise exercising control over, property, to-wit: a lawnmower, of the value of $2500 or more but less than $30000 from [the owner] thereof, without the effective consent of the owner and with intent to deprive the owner of the property"; and he "intentionally or knowingly operate[d] a motor-propelled vehicle, to-wit: a lawnmower, without the effective consent of [the owner]." The indictment also identified two previous felony convictions that enhanced the state-jail felonies to second-degree felonies. The State later moved to amend the indictment to correct errors in the enhancement paragraphs, and the trial court granted the motion and allowed the amendment.

Wright was subsequently indicted in cause number 15680-A for evading arrest with a vehicle, again detailing an incident occurring on December 3, 2021 and alleging that Wright, "while using a vehicle, intentionally fle[d] from [J.] Fitch, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain [him]."[2] This indictment also contained enhancement paragraphs, elevating the offense to a first-degree felony.

---

[2] This indictment is contained in a supplemental clerk's record in cause number 15490-A (the consolidated case). The State requested the supplemental record following the filing of Wright's brief, noting that the grand jury indictment for evading arrest with a motor vehicle had been omitted from the original clerk's record.

The State then moved to consolidate cause number 15680-A—based on the indictment for evading arrest with a vehicle—with cause number 15490-A. The motion asserted that the four pending charges all arose out of the same criminal episode and that it would be more efficient for the trial court to consider them under the same cause number. At the status hearing during which the trial court considered the motion to consolidate, defense counsel acknowledged that he had received a copy of the indictment filed in cause number 15680-A, and he confirmed that Wright had been served with the indictment. Wright waived the formal reading of the 15680-A indictment and pled not guilty to the evading arrest charge. Defense counsel further stated on the record that he had no objection to the State's motion to consolidate cause numbers 15490-A and 15680-A, observing that the "allegations are all out of the same criminal episode." The trial court granted the motion to consolidate, ordering that cause numbers 15490-A and 15680-A be tried together under cause number 15490-A.

The State subsequently moved to "renumber the counts in the indictment in this cause due to the State abandoning Counts I [evading arrest or detention with a prior conviction] and III [unauthorized use of a motor vehicle] and proceeding to trial on Counts II [theft of property valued at more the $2,500 but less than $30,000] and IV [evading arrest or detention with a motor vehicle]." The State asserted in its motion that it intended to abandon the charges for evading arrest or

4

detention with a prior conviction and for unauthorized use of a motor vehicle. The motion then stated, "Accordingly, the indictment would read as follows. . . ." It then set out the language for an amended indictment for the charges of theft and evading arrest with a motor vehicle, plus the enhancement allegations. The trial court granted this motion, signing an order providing: "[I]t is hereby ORDERED that the indictment pending in this cause be renumbered to read as follows. . . ." The court's order set out the amended language for the indictment for the charges of theft and evading arrest in a motor vehicle.

The case proceeded to trial before a jury on the charges of theft and evading arrest with a motor vehicle. The jury found Wright guilty on both counts. It assessed Wright's punishment for the theft offense at 15 years' confinement and a fine and 99 years' confinement for the offense of evading arrest with a motor vehicle.

**Indictment for Evading Arrest with a Vehicle**

In his sole appellate issue, Wright argues that his conviction for evading arrest is void because the indictment in the theft case, originally filed in cause number 15490-A, was never legally amended to include the allegation of evading arrest with a motor vehicle that was originally filed in cause number 15680-A. We disagree with Wright.

"The presentment of a valid indictment vests the district court with jurisdiction of the cause." *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (holding that criminal jurisdiction over person requires filing of valid indictment or information); *see also* TEX. CONST. art. V, § 12(b) ("The presentment of an indictment or information to a court invests the court with jurisdiction of the cause."). "To meet the definition of indictment under article V, section 12(b) of the Texas Constitution and to vest the court with both personal and subject matter jurisdiction, the indictment must (1) charge a person, and it must (2) charge the commission of an offense." *Jenkins*, 592 S.W.3d at 898; *see also Teal v. State*, 230 S.W.3d 172, 179 (Tex. Crim. App. 2007) (for indictment to be constitutionally valid, and thus confer jurisdiction on trial court, it need only allege that person committed offense); *Duron v. State*, 956 S.W.2d 547, 550 (Tex. Crim. App. 1997) (holding that in order for defect in charging instrument to "render the instrument a non-indictment," defect must "make it impossible for the defendant to know with what offense he had been charged").

Here, the record reflects an indictment that both charges a person—Wright—and charges the commission of the offense of evading arrest with a motor vehicle. *See Jenkins*, 592 S.W.3d at 898. The grand jury indictment alleging that Wright committed the offense of evading arrest with a motor vehicle was originally filed in cause number 15680-A. The record from the status hearing

6

following the filing of this indictment demonstrates that Wright and his trial counsel both received this indictment, and Wright waived the formal reading of the indictment when he pleaded not guilty. He does not argue that he was not aware of the evading arrest charge pending against him. *See id.* (holding that proper test for validity of indictment is whether face of instrument is clear enough to give appellant adequate notice of the charge against him); *Duron*, 956 S.W.2d at 550 (holding that to "render the instrument a non-indictment," defect must "make it impossible for the defendant to know with what offense he had been charged"). Thus, the trial court obtained jurisdiction over Wright for the alleged offense of evading with a motor vehicle. *See Jenkins*, 592 S.W.3d at 898. The trial court subsequently consolidated cause number 15680-A with the previously filed cause number 15490-A. Defense counsel affirmatively stated that he did not object to the consolidation.

In his brief, Wright acknowledges that a grand jury indicted him for evading arrest with a motor vehicle, but he appears to argue that was invalid to support his conviction because it was filed "in another cause number." Wright argues that "the State wholly failed to amend and incorporate the allegation of evading arrest with a motor vehicle "into the instant case," pointing out, "The trial court granted the State its request to 'renumber the counts in the indictment,' but the purported 'count four'—Evading in a Motor Vehicle—was never properly amended into the

instant indictment." However, Wright points to no authority requiring that both counts be contained in a single charging instrument filed after consolidation into cause number 15490-A.

To the contrary, Texas law allows multiple pending indictments against a single defendant to be consolidated in a single trial with the consent of the defendant. *See* TEX. PENAL CODE § 3.02 (providing that "[a] defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode" and that "[w]hen a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial"); *Garza v. State*, 687 S.W.2d 325, 330 (Tex. Crim. App. 1985) (holding that multiple pending indictments against defendant "may be consolidated in a single trial with the consent or absent an objection by and with the implied consent of the defendant"); *see also Resendiz v. State*, No. 13-22-00160-CR, 2023 WL 5624091, at *1 n.4 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2023, pet. ref'd) (mem. op., not designated for publication) (noting that multiple pending indictments against defendant may be consolidated in single trial). Here, the trial court signed an order consolidating cause number 15680-A and 15490-A into a single cause without any objection by Wright.

To the extent that Wright is arguing there is some other substantive defect in the indictment for evading arrest with a motor vehicle, we conclude that he failed to preserve any such complaint. As discussed above, the record here contains a valid indictment for the evading arrest charge sufficient to vest the trial court with jurisdiction and provide adequate notice to Wright of the charge against him. *See Jenkins*, 592 S.W.3d at 898, 901 (holding that even indictment with substantive defect can still vest trial court with jurisdiction). Wright did not object or otherwise challenge the indictment at any stage of the litigation—from the time it was filed in cause number 15680-A and later trial-court actions including consolidating the charges into a single cause number, granting the State's motion to "renumber" the charges in the indictments, and completing the trial before the jury on both the theft and evading arrest charges. "If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment before the date on which the trial on the merits commences," that defendant "waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding." *Jenkins*, 592 S.W.3d at 902; *see also Teal*, 230 S.W.3d at 177 & n. 24 ("Texas law now requires the defendant to object to any error in the indictment before the day of trial and certainly before the jury is empaneled."). Because Wright did not make any objection regarding a defect, error, or irregularity of form or substance in the indictment before the

9

commencement of the trial on the merits, he cannot now raise such an objection on appeal.

We overrule Wright's sole appellate issue.

## Conclusion

We affirm the judgment of the trial court.

Richard Hightower
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

Justice Goodman, concurring.

Publish. Tex. R. App. P. 47.2(b).